**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

PLUMBERS AND GASFITTERS LOCAL 5
RETIREMENT SAVINGS FUND et al.,

    Plaintiffs,

            v.                                        Civil Action No. 10-CV-01439 AW

ENGINEERING CONTRACTORS, INC.
et al.,

    Defendants.

**MEMORANDUM OPINION**

Plaintiffs brought the instant case under ERISA to recover, inter alia, delinquent contributions. Pending before the Court is Plaintiffs' Motion for Summary Judgment. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

With one exception, the Plaintiffs are various employee benefit funds that ERISA covers. Various restated agreements and declarations of trust govern the benefit funds. Contributions that Defendants make under the terms of the collective bargaining agreements with Plaintiff Plumbers Local Union No. 5 finance the funds.

Defendants Engineering Contractors, Inc. (Engineering Contractors) and ECI of Washington LLC (ECI) conduct contracting and subcontracting business in the DC metro area. Defendants are employers under ERISA. On December 2, 2008, Defendant Engineering

Contractors executed a letter of assent by which it agreed that the collective bargaining agreement between the Mechanical Contractors Association of Metropolitan Washington and Plumbers Local 5 would bind it. *See* Doc. No. 55-6 at 1–2.

The letter of assent provides that the original collective bargaining agreement remains in effect until Engineering Contractors gives Plumbers Local 5 written notice at least 150 days prior to its expiration date. The original collective bargaining agreement expired on July 31, 2010. *See id.* at 3, 18. Plaintiffs allege, and Defendants do not contest, that Defendants failed to provide such notice either before or after July 31, 2010.

The collective bargaining agreement requires Defendants to make contributions and other payments to the benefit funds for each hour of work that Defendants' employees perform. Further, the agreement obligates Defendants to submit contribution reports on a monthly basis. *See* Doc. No. 55-7 at 15–16. The agreement also provides that the total amount Defendants owe for a given month is a product of the total number of hours that the contribution reports show and the applicable hourly contribution rate. Plaintiffs assert, and Defendants fail to contest, that Defendants control the information necessary to determine the amount of contributions due (e.g., payroll information).

Plaintiffs filed this suit on June 3, 2010. Plaintiffs seek to recover delinquent contributions, liquidated damages, interest, attorneys' fees, and costs that Defendants allegedly owe under ERISA. Plaintiffs previously moved for partial summary judgment to establish that Defendant ECI is the alter ego of Engineering Contractors. The Court granted this Motion in a Memorandum Opinion and Order issued on October 4, 2011. Doc. No. 46.

On May 1, 2012, Plaintiffs moved for summary judgment. Doc. No. 55. Plaintiffs argue that the case presents no genuine disputes of material fact because one can calculate the amount

Defendants owe them by simple mathematical formula. Based on their calculations, Plaintiffs conclude that Defendants owe them $385,299.42 for work performed from April 2010 to December 2011. Alternatively, Plaintiffs argue that Defendants owe them $487,605.09 based on projected deficiencies in contributions. That is, Plaintiffs assert that the restated agreements and declarations of trust contain provisions that entitle them to contributions based on projected deficiencies where an employer fails or refuses to supply contribution reports.[1]

Plaintiffs also request injunctive relief. Plaintiffs note that Defendants bear a contractual obligation to submit contribution reports. Plaintiffs also assert that Defendants are contractually obligated to supply a "fringe benefits payment bond which guarantees payment of contributions required by the Collective Bargaining Agreement or signed stipulation." Doc. No. 55-3 at 14. Therefore, Plaintiffs ask the Court to order Defendants to purchase a bond and to supply monthly contribution reports.

Defendants oppose Plaintiffs' Motion for Summary Judgment on various grounds. As to the request for delinquent contributions in the amount of $385,299.42, Defendants assert that Plaintiffs have not provided a sufficient basis for their mathematical calculations for two primary reasons. First, Plaintiffs allegedly have not explained the basis for their classification of employees as journeymen, helpers, or apprentices. Defendants further contend that Plaintiffs have failed to specify where one can find the relevant evidence in the record.

Defendants also challenge Plaintiffs' request for injunctive relief. Defendants assert that Plaintiffs failed to request this relief in the Complaint and conclude that they may not do so on summary judgment. Additionally, Defendants contend that Plaintiffs have failed to explain the basis for their request of a bond for $89,3965.53 in light of allegedly contrary contractual

---

[1] Plaintiffs add that they are entitled to liquidated damages, interest, attorneys' fees, and costs under various contractual provisions.

language. Defendants add that Plaintiffs have otherwise failed to satisfy the requirements for injunctive relief.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot

support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

## III.   LEGAL ANALYSIS

### A.   Whether Summary Judgment for Delinquent Contributions in the Amount of $385,299.42 Is Proper

ERISA section 515 provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Similarly, ERISA section 502(a) empowers benefit funds to commence civil actions to "recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." *See id.* § 1132(a); *see also Robbins v. Lynch*, 836 F.2d 330, 333 (7th Cir. 1988) (citation omitted) (noting that a "pension or welfare trust is a third-party beneficiary of the collective bargaining agreement").

In this case, the largely uncontested record evidence establishes that many of Defendants' employees worked as plumbers; that Defendants had a contractual duty to make contributions and other payments to the benefit funds for each hour of work that the employees performed; and that Defendants breached this obligation. *See, e.g.*, Doc. No. 55-11 at 1–3. However, as Defendants assert, Plaintiffs have failed to set forth a basis for their classification of the plumbers as journeymen, helpers, or apprentices. *See* Doc. No. 55-9 at 5–17. This omission is significant because the amount of contributions Defendants must make generally varies depending on the classification of the employee. *See id.*

Plaintiffs respond that the Court should enter summary judgment anyway because Defendants possess and have yet to disclose the evidence necessary to make this determination. But this is not an appropriate course of action for several reasons, including the fact that it may lead to a windfall for Plaintiffs. Instead, the Court will assess Plaintiffs' alternative argument that Defendants owe them $487,605.09 for projected deficiencies in contributions. Therefore, summary judgment in favor of Plaintiffs for delinquent contributions in the amount of $385,299.42 is improper.

**B.     Whether Summary Judgment for $487,605.09 Based on Projected Deficiencies in Contributions Is Proper**

Plaintiffs argue that various "projection of delinquency" provisions in the trust agreements entitle them to summary judgment for $487,605.09. These provisions generally provide that, where Defendants are two or more months delinquent in making the required contributions and have failed to disclose contribution reports, the benefit funds may project the amount of the delinquency based on a given formula. *See* Doc. No. 55-3 at 14; Doc. No. 55-4 at 6, 28; Doc. No. 55-5 at 5, 22. Specifically, the benefit funds may project as the delinquent amount the *greater* of the average of the monthly reports that Defendants reported for the last three months for which Defendants made payments *or* the average of the monthly hours for the last twelve months. *See id.*

Here, Plaintiffs have calculated the average of the monthly hours that Defendants reported for the last twelve months for which Defendants made payments. *See* Doc. No. 55-9 at 22. Defendants then applied the straightforward formula that the agreements prescribe. *See id.* To substantiate the calculation, Plaintiffs adduced uncontested evidence in the form of past contribution reports. *See* Doc. No. 55-8 at 1–13. Moreover, Defendants have not responded to Plaintiffs' argument that Plaintiffs are entitled to judgment for $487,605.09 based on projected

6

deficiencies. As a result, the Court grants Plaintiffs' Motion for Summary Judgment and enters judgment in favor of Plaintiffs for $487,605.09 in projected delinquent contributions.

**C.     Whether Plaintiffs Are Entitled to Liquidated Damages, Interest, and Attorneys' Fees and Costs**

Where, as here, courts enter judgment under ERISA section 1145 in favor of the benefit fund, courts must award the following relief in addition to the unpaid contributions: interest on the unpaid contributions; liquidated damages; and reasonable attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2). Defendants do not dispute Plaintiffs' assertion that they are entitled to such relief under the agreements. Furthermore, Plaintiffs have adduced uncontested evidence from which a reasonable juror could only conclude that they are entitled to such relief. *See, e.g.*, Doc. No. 55-8 at 20–28; Doc. No. 55-9 at 18–23. Accordingly, the Court enters judgment in favor of Plaintiffs for liquidated damages in the amount of $76,635.04; interest in the amount of $49,318.43[2]; and attorneys' fees and costs in the amount of $36,790.75.

**D.     Whether Plaintiffs Are Entitled to Equitable Relief**

*1.     Whether It Is Proper to Order Defendants to Post Bond for $89,396.53*

Plaintiffs move the Court for an order compelling Defendants to purchase a bond in the amount of $89,396.53. Defendants respond that the trust agreements do not authorize this amount. There is no dispute that the trust agreements require Defendants to post bond (and provide timely monthly reports), or that Defendants agree in the collective bargaining agreement that the trust agreements shall bind them. Therefore, the central issue is whether Plaintiffs have correctly calculated the bond amount.

---

[2] Plaintiffs appear to have calculated this amount of interest based on unpaid contributions in the amount of $385,299.42. Yet the amount of unpaid contributions is $487,605.09 in projected delinquent contributions. Therefore, the amount of interest for which the Court enters judgment in Plaintiffs' favor may be *lower* than the amount to which Plaintiffs are entitled.

The trust agreements for two of the funds provide that, given the number of employees Defendants employ, they must post a bond of $25,000 for each fund. *See* Doc. No. 55-4 at 21, 29. Additionally, the delinquency procedures evidently governing the naval pension fund authorize the trustees to impose a bond obligation on a chronically delinquent contractor. Doc. No. 55-5 at 25 ¶ 13. Under the trust agreement, the bond amount equals the amount of the prior six months' contributions to the fund. Plaintiffs adduce evidence showing that this amount is $45,289.60. *See* Doc. No. 55-9 at 19. $50,000 plus $45,289.60 equals $95,289.60, which is actually greater than the $89,396.53 that Plaintiffs request. Accordingly, because injunctive relief is otherwise proper, the Court will order Defendants to post bond for $89,396.53.

The Court rejects Defendants argument that it is improper to order them to post bond because Plaintiffs failed to expressly state a claim for such relief in their Complaint. Rule 54 of the Federal Rules of Civil Procedure provides that all judgments except default judgments "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Furthermore, ERISA authorizes courts to award "legal or equitable relief as the court deems appropriate" where, as here, courts enter judgment under ERISA section 1145 in favor of the benefit fund. *See* 29 U.S.C. § 1132(g)(2). In short, because the trust agreements provide for such relief, and because such relief is otherwise proper, the Court orders Defendants to purchase the required bond.

    *2.    Whether It Is Proper to Order Defendants to Submit Contribution Reports*

As noted, ERISA authorizes courts to award appropriate legal or equitable relief. There is no dispute that the applicable agreements obligate Defendants to provide the reports and that Defendants have failed to comply with this obligation. Therefore, Plaintiffs ask the Court to enter

an injunction requiring Defendants to provide all contribution reports when due under the current collective bargaining agreement until its expiration on July 31, 2014.

Defendants respond that injunctive relief is improper because Plaintiffs cannot show that monetary damages are an inadequate to remedy the injury they would suffer if Defendants failed to provide the reports in the future. Essentially, Defendants assert that Plaintiffs could simply file another lawsuit for any future unpaid contributions.

The Court disagrees. Although Plaintiffs may be able to bring an action to recover delinquent contributions, Defendants' failure to provide the reports could frustrate their ability to ascertain and recover the delinquent contributions. Furthermore, taken to its logical extreme, Defendants argument would lead to the undesirable outcome in which Plaintiffs must file a lawsuit each time Defendants fail to submit a contribution report. Moreover, this case has languished on the Court's docket since 2010, consuming considerable time and resources. Given Defendants' demonstrated failure to provide the contribution reports (or to provide even an explanation for this failure), failing to issue the injunction creates an impermissibly high risk that this outcome will reoccur. Finally, both this and other courts have granted such relief in similar circumstances. *See, e.g.*, *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 69 (D.D.C. 2011); *Nat'l Elec. Benefit Fund v. Peyla Elec. Co., Inc.*, 8:11-cv-03145-AW (D. Md. 2011). Accordingly, the Court will order Defendants to provide all contribution reports when due under the current collective bargaining agreement until its expiration on July 31, 2014.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment. A separate Order follows.

| | |
|---|---|
| January 11, 2013 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |